IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **SHEAN JACK HOLMES**, | Case No. 3:22-cv-1521-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **KILOLO KIJAKAZI**, Acting Commissioner of Social Security, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

On October 26, 2023, Plaintiff filed a stipulated motion for attorney's fees under the
Equal Access to Justice Act (EAJA), 24 U.S.C. § 2412(d). Judgment in this case was entered on
July 28, 2023. The EAJA establishes specific requirements for fee applications, including that
they be submitted within 30 days of final judgment, that they include a statement of financial
eligibility of the plaintiff, that they include an itemization of attorney time and the requested
hourly rate, and that they include an "allegation" that the government's position was not
substantially justified. 24 U.S.C. § 2412(d); *see also Scarborough v. Principi*, 541 U.S. 401, 408
(2004) ("Section 2412(d)(1)(A) thus entitles a prevailing party to fees absent a showing by the
Government that its position in the underlying litigation 'was substantially justified,' while

PAGE 1 – ORDER

§ 2412(d)(1)(B) sets a deadline of 30 days after final judgment for the filing of a fee application and *directs that the application shall include*: (1) a showing that the applicant is a prevailing party; (2) a showing that the applicant is eligible to receive an award (in Scarborough's case, that the applicant's 'net worth did not exceed $2,000,000 at the time the civil action was filed,' § 2412(d)(2)(B)); and (3) a statement of the amount sought together with an itemized account of time expended and rates charged. The second sentence of § 2412(d)(1)(B) adds a fourth instruction, requiring the applicant simply to 'allege' that the position of the United States was not substantially justified." (emphasis added)).

Judgment in this case is considered final for purposes of EAJA on September 26, 2023. *See Hoa Hong Van v. Barnhart*, 483 F.3d 600, 607, 612 (9th Cir. 2007) (explaining that judgment is considered final for purposes of EAJA applications in social security cases when the 60-day time to file an appeal has expired). Plaintiff's EAJA application is due 30 days after final judgment and, therefore, is timely. Plaintiff's application, however, does not contain a statement of financial eligibility, an allegation that the government's position was not substantially justified, or an itemization of attorney time and the requested hourly rate. As discussed by the Supreme Court, these are required under EAJA but can be cured with an amended petition. *Scarborough*, 541 U.S. at 418-19.

Although Plaintiff is proceeding *in forma pauperis* (supporting an inference that Plaintiff is financially eligible) and the government stipulated to Plaintiff's petition for fees (supporting an inference that the government's position was not substantially justified), the Court will not infer matters that are mandated under statute to be expressly included in the fee petition. *See* 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses *shall* . . . submit to the court an application for fees and other expenses *which shows* that the party . . . is

[financially] eligible to receive an award under this subsection . . . . The party *shall* also allege that the position of the United States was not substantially justified." (emphasis added)).

Additionally, Plaintiff requests that fees be paid directly to his attorney if the requested fees are not subject to any offset allowed under the Department of Treasury's Offset Program. Fee awards under the EAJA are paid to the litigant, however, and not the litigant's attorney, unless the litigant has assigned his or her rights to counsel to receive the fee award. *Astrue v. Ratliff*, 560 U.S. 586, 596-98 (2010). Accordingly, for the Court to order that the requested fee award be made payable to Plaintiff's attorney, Plaintiff must file with the Court *evidence* of such an assignment, such as a copy of the assignment of fees or a declaration from Plaintiff or Plaintiff's counsel attesting to the fact that Plaintiff has executed an assignment of EAJA fees to Plaintiff's counsel.[1]

The Court DENIES Plaintiff's application for EAJA fees (ECF 17), without prejudice and with leave to file an amended application that cures the deficiencies identified in this Order.

**IT IS SO ORDERED.**

DATED this 27th day of October, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

[1] Plaintiff's application states that "plaintiff has agreed to transfer his rights to EAJA fees to his attorney," but a statement in a brief is not evidence.

PAGE 3 – ORDER